IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DAVID FREELAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: _____ |
| ) | |
| ERIC FANNING, SECRETARY OF THE ARMY, ) | |
| and THE DEPARTMENT OF THE ARMY, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND JURY DEMAND**

NOW COMES, David Freeland by and through his attorney Stephen T. Fieweger, P.C. and for his complaint against the defendant Eric Fanning, Secretary of the State and the Department of the Army and for his complaint at law the Stephen T. Fieweger, P.C., and in support of his complaint hereby states as follows:

**Common Allegations**

1. That Dave is presently a resident of Minnesota but at all times material hereto was employed by the Department of Army in its Civilian Personnel Advisory Center service stationed at the Rock Island Arsenal.

2. That Defendant Eric Fanning is Secretary of the Department of Army and a federal agency operating its civilian supervisory center at Rock Island Arsenal, Rock Island, Illinois.

3. That this court has subject matter jurisdiction over this cause of action including 28 USC §1331, 28 USC §1346, 42 USC §2000(e)-(1) et. seq. and 42 USC §12101 et seq.

1

4. That David was employed at the Civilian Advisory Center at the Army's Rock Island Arsenal facility as a Supervisor in Human Resources.

5. That at all times material to this cause of action his first line supervisor was Laura Solloway, Deputy Director for CPAC, and his second line supervisor was Susan Manke. Subsequently, in August 2014, Mr. Stephen Roby became one of his supervisors.

6. That David is a person with a disability in that he has obsessive compulsive disorder for which he undergoes treatment.

7. That David has previously instituted an EEOC action against the Department of Army EEO Case No. 440-2014-00164X for reverse sex discrimination, including disparate pay with respect to his position compared to duties performed by similarly situated females, and for retaliation as a result of David's charge of discrimination in which the defendant conducted a climate survey as to David's alleged misconduct at work.

8. That the above charge of discrimination and retaliation is still pending before the Equal Employment Opportunity Commission.

9. On November 10, 2014 David was verbally reprimanded by Stephen Roby.

10. That beginning on November 12, 2014, his supervisor Stephen Roby notified Dave that his use of annual leave for the purpose of teaching at a local community college during duty hours would not be permitted.

11. That on November 20, 2014 Stephen Roby removed David from a T-3 pay setting training session in Aberdeen, Maryland and directed him to return to his home station of duty.

12. That on November 21, 2014 Stephen Roby sent David a threatening email informing him that an investigation on his conduct and behavior during his attendance at the T-3 training in Aberdeen, Maryland would be completed and that if he made any contact with various colleagues, disciplinary action would be taken against him including possible removal from government service.

13. On January 7, 2015 Susan Manke denied David's administrative grievance request for relief.

14. On February 4, 2015 David received a "fully successful" performance appraisal for the rating period of June 2, 2013 to October 31, 2014 despite his supervisory objective being invalid.

15. That on February 5, 2015, Stephen Rovie drastically altered the assigned job duties in David's position description without altering the job duties in the position description of other employees similarly situated.

16. That on February 23, 2015 Chadwick Siedschlaw, Deputy Director North Central Region Civilian Human Resources Agency had David attend a meeting in which he was interrogated by the Rock Island Arsenal Threat Assessment Team to determine his emotional and mental capability to handle the job position to which he was assigned.

17. On February 23, 2015 Susan Manke, Director of the Civilian Personnel Advisory Center notified him of allegations of sexual harassment had been made against him by one of his subordinates which was untrue and was made in retaliation for having a current EEOC complaint pending.

18. On February 24, 2015 Stephen Roby removed David from his office, refused to provide him privacy for an EEO teleconference and issue him a proposal for a 14 day suspension.

19. That on March 11, 2015, David filed with the Department of Army his charge of discrimination based on sex, mental disability and reprisal.

20. That David has requested a final Agency decision in his EEOC charge which was assigned to Docket No. ARHQ0SA14DEC04573 and to date has not received a final Agency decision.

21. That David is commencing this action in a timely manner and after having exhausted his administrative remedies.

**Count I – Sex Discrimination in Employment 42 USC §2000(e)-(1) et. seq.**

1-21. Plaintiff repeats and realleges paragraphs 1 through 21 of the common allegations as paragraphs 1 through 21 herein.

22. That the above action taken against David constitute reverse sex discrimination in that similarly situated females in the same position as plaintiff were not subjected to discipline for conduct which David has engaged in at work.

23. As a direct and proximate result of one or more of the acts of sex discrimination plaintiff is entitled to damages equal to his emotional and mental distress and is entitled to recover his attorney fees and expert witness fees and the cost of this action.

WHEREFORE, plaintiff David Freeland hereby requests this court enter judgment in his favor and against the defendant in an amount to be determined by the trier of fact plus have to

court order payment of his attorney's fees and expert witness fees plus the costs of this action and grant such equitable relief the court deems necessary and appropriate.

### Count II – Disability Discrimination 42 USC §12101 et. seq.

1-21. Plaintiff repeats and realleges paragraphs 1 through 21 of the common allegations as paragraphs 1 through 21 herein.

22. Defendant's actions in subjecting David to an interrogation and threat assessment evaluation constitutes discrimination on the basis of his disability, obsessive compulsive disorder and are in violation of the Americans with Disabilities Act, 42 USC §12101 et. seq.

23. That as a direct and proximate result of one or more of the acts of disability discrimination plaintiff David Freeland has sustained damages equal to severe emotional distress including severe aggravation of his obsessive compulsive disorder, has sought treatment for his condition and has sustained damages to his reputation all in an amount of $300,000.00 or an amount to be determined by the trier of fact.

24. Plaintiff is entitled to recover his costs including attorney fees and expert witness fees incurred in this action.

WHEREFORE, plaintiff David Freeland hereby requests this court enter judgment in his favor in the amount of $300,000.00 or an amount to be determined by the trier of fact against the defendant, order the defendant to pay his costs including reasonable attorney's fees and expert witness fees action and grant such equitable relief the court deems necessary and equitable.

### Count III – Retaliation 42 USC §2000(e)-(3)

1-21.    Plaintiff repeats and realleges paragraphs 1 through 21 of the common allegations as paragraphs 1 through 21 herein.

22.    That the actions described above constitute retaliation by the defendant for plaintiff's previous filing of Equal Employment Opportunity Commission charges against the defendant in violation of 42 USC §2000(e)-(3).

23.    That plaintiff is entitled to recover his compensatory damages, including for severe emotional distress, aggravation of his obsessive compulsive disorder, recover medical expenses incurred for treatment of that condition and recover damages for loss to his reputation all in an amount in excess of $300,000.00 or the amount determined by the trier of fact.

24.    That plaintiff is entitled to recover his costs including attorney's fees and expert witness fees incurred in this action.

WHEREFORE, plaintiff David Freeland hereby requests this court enter judgment in his favor in and against the defendant in an amount of $300,000.00 or the amount to be determined by the trier of fact for his court costs and attorney's fees and expert witness fees and grant such equitable relief the court deems necessary and appropriate.

David Freeland, Plaintiff

/s/Stephen T. Fieweger

Stephen T. Fieweger
5157 Utica Ridge Road
Davenport, IA 52807
Telephone: 563-424-1982
Fax: 563-424-1983
sfieweger@fiewegerlaw.com